IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV463-MU

| | |
|---|---|
| ODISHI N. JOHNSON SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| DENNY'S, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court upon Defendant's Motion to Dismiss and for Sanctions Pursuant to F.R.C.P. 37(d) for Failure to participate in Discovery and F.R.C.P. 41(b) for Failure to Prosecute. The *pro se* Plaintiff filed this Title VII action in Mecklenburg County Superior Court and Defendant timely removed the case based on federal question jurisdiction.

The Defendant now moves for dismissal of the case pursuant to Rules 37(d) and 41(b) because of Plaintiff's utter failure to participate in discovery or otherwise prosecute this action. Defendant has filed a brief in which it details Plaintiff's multiple failures and refusals to answer discovery and participate in Court-ordered mandatory disclosures. Defendant includes copies of correspondence demonstrating that it contacted Plaintiff by letter on multiple occasions seeking responses to Defendant's Interrogatories, Requests for Production, and Court-ordered mandatory disclosures. Moreover, Plaintiff failed to appear for her deposition on May 24, 2006, although it was scheduled by Defendant's counsel over a month in advance. Counsel spent time preparing for the deposition, retained a court reporter, and traveled from his office in South Carolina to Charlotte to conduct the deposition. Plaintiff failed to appear. Later that day when counsel returned to his office, he received a letter from Plaintiff in the afternoon mail merely stating that

she "will not be able to attend" the deposition. Although dated May 22, the envelope bore a postmark date of May 23, 2006, just one day prior to the date the deposition was scheduled to take place. Plaintiff has filed a response to Defendant's Motion to Dismiss. She does not dispute her failure to participate, but merely offers the excuse that she does not have counsel to represent her.

Rule 37 of the Federal Rules of Civil procedure allows the court broad discretion in sanctioning parties for discovery violations. After considering the motion herein, the court will allow Plaintiff one more opportunity to comply. Plaintiff will be allowed fifteen days to respond to the Defendant's Interrogatories and Requests for Production and to provide mandatory disclosures pursuant to Rule 26(a)(1). Moreover, Defendant may once again notice her deposition. Failure to appear at the deposition or failure to properly respond to Defendant's discovery requests and court-ordered mandatory disclosures will result in dismissal of Plaintiff's case with prejudice. Plaintiff chose to file this case *pro se* and is expected to prosecute the case and participate in discovery, despite the fact that she is not represented by counsel.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss is hereby held in abeyance at this time, until Plaintiff has had one more opportunity to participate in discovery;

IT IS FURTHER ORDERED that Plaintiff is hereby directed to respond to Defendant's Interrogatories and Requests for Production and to provide mandatory disclosures pursuant to Rule 26(a)(1) within fifteen (15) days of the date of entry of this Order. Plaintiff is further directed to appear at her duly noticed deposition or risk dismissal of her lawsuit without prejudice.

Signed: August 22, 2006

Graham C. Mullen
United States District Judge